UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TechDemocracy, LLC,<br><br>    Plaintiff<br><br>v.<br><br>BRV Solutions, Inc.,<br><br>    Defendant | Case No.: 2:21-cv-00138-JAD-NJK<br><br>**Order to Supplement Motion for Default Judgment** |

      TechDemocracy, LLC, sues BRV Solutions, Inc. for breach of contract.[1] The Clerk of the Court entered default against BRV Solutions,[2] and TechDemocracy renews its motion for default judgment against that defendant.[3] But there are deficiencies with TechDemocracy's renewed motion that require supplemental briefing.

      The problem is that TechDemocracy argues that it is entitled to damages in the amount of $82,050 but has not provided sufficient evidence for that amount. To support its damage claim, TechDemocracy provides the declaration of Krishnan Balan, which is deficient for two reasons. First, Balan does not declare that any of the information he provides is based on his personal knowledge.[4] Second, although Balan concludes that $82,050 is due and owing, he doesn't provide any facts to support his conclusion.[5] This deficiency is not corrected with the other

---

[1] ECF No. 1.

[2] ECF No. 6.

[3] ECF No. 9. This is plaintiff's second default-judgment attempt. I denied without prejudice its first motion for that relief because it failed to address the factors from *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). ECF Nos. 7, 8.

[4] ECF No. 9-1 (Balan Declaration).

[5] *See id.*

evidence that TechDemocracy provides: copies of the Master Service Agreement and the Statement of Work agreement between it and BRV Solutions.[6] These documents state that the billing rate is $75 per hour "all-inclusive with no expenses paid."[7] But, like Balan's declaration, neither document states how many hours TechDemocracy's agent worked or the amounts that BRV Solutions was invoiced.[8]

TechDemocracy alleges some basic facts supporting its damage amount in paragraph 13 of its complaint,[9] including the fact that BRV Solutions made a partial payment, so I assume that it can provide additional evidence to support its damage amount. And it must provide evidence of these facts because the court cannot accept as true factual allegations related to damages when determining a motion for default judgment.[10]

Accordingly, IT IS HEREBY ORDERED that plaintiff has until **September 3, 2021**, to file a supplemental brief curing, if it can, the deficiencies outlined in this order about the evidence supporting its motion for default judgment [ECF No. 9].

_____
U.S. District Judge Jennifer A. Dorsey
August 27, 2021

---

[6] ECF Nos. 9-2 (Master Service Agreement), 9-3 (Statement of Work).
[7] ECF No. 9-3 at 1.
[8] *See* ECF Nos. 9-2 (Master Service Agreement), 9-3 (Statement of Work).
[9] ECF No. 1.
[10] *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).