UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TechDemocracy, LLC,

    Plaintiff

v.

BRV Solutions, Inc.,

    Defendant

Case No.: 2:21-cv-00138-JAD-NJK

**Order Granting Motion for Default Judgment and Closing Case**

[ECF Nos. 9, 13]

    TechDemocracy, LLC, sues BRV Solutions, Inc., for breach of contract.[1]  The Clerk of Court entered default against BRV Solutions,[2] and TechDemocracy now moves for default judgment.[3]  Because TechDemocracy satisfies the factors outlined in *Eitel v. McCool*[4] and has proven its damages, I grant its motion, award it $53,800 in damages on its breach-of-contract claim, and close this case.

## Background

    BRV Solutions hired TechDemocracy and its agent, Mr. Salapati, to perform work for its client, the City of San Francisco.  TechDemocracy performed the services and invoiced BRV Solutions for $82,050.[5]  BRV Solutions made just two payments of $13,000—one of which was made after TechDemocracy filed this action.[6]

---

[1] ECF No. 1.
[2] ECF No. 6.
[3] ECF Nos. 9 (motion for default judgment), 13 (supplemental motion for default judgment).
[4] *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).
[5] ECF No. 1 at ¶¶ 12, 13, 17, ECF No. 13-1 (Balan declaration and invoices).
[6] *Id.*  After deducting the two payments from the invoiced amount, the amount remaining is $56,050.

TechDemocracy filed its complaint against BRV Solutions on January 26, 2021, alleging breach of contract.[7] On February 2, 2021, TechDemocracy served BRV Solutions with the summons,[8] but BRV Solutions has not appeared in this action. Because BRV Solutions failed to appear, the Clerk of Court entered default against it on March 15, 2021.[9] TechDemocracy now moves for default judgment against BRV Solutions.[10]

## Discussion

Federal Rule 55(b)(2) permits a plaintiff to obtain default judgement if the clerk previously entered default based on a defendant's failure to defend. The court has discretion to enter a default judgment,[11] and that discretion is guided by the seven factors outlined in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[12]

Default has already been entered in the case, so I must take the complaint's factual allegations as true, except those relating to damages.[13] "[N]ecessary facts not contained in the

---

[7] ECF No. 1.
[8] ECF No. 4.
[9] ECF No. 6.
[10] ECF Nos. 9, 13.
[11] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).
[12] *Eitel*, 782 F.2d at 1471–72.
[13] *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

pleadings, and claims [that] are legally insufficient, are not established by default."[14]  The court reserves the power to require a plaintiff to provide additional proof of facts or damages in order to ensure that the requested relief is appropriate.[15]  TechDemocracy has satisfied the procedural requirements for default judgment and shown that the *Eitel* factors merit entry of default judgment against BRV Solutions.  It has also provided adequate proof of certain damages in its supplemental motion for default judgment.

**A.    Prejudice to TechDemocracy**

The first *Eitel* factor considers whether TechDemocracy will suffer prejudice if a default judgment is not entered.[16]  BRV Solutions' failure to appear or defend this action will prejudice TechDemocracy's ability to pursue its claim on the merits.  So this factor weighs in favor of default judgment.

**B.    The claim's merits and the complaint's sufficiency**

The second and third *Eitel* factors focus on whether TechDemocracy has stated a claim under which it can recover.[17]  Under Nevada law, for TechDemocracy to succeed in its claim of breach of contract, it must show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach.[18]  It must also show that it fulfilled conditions precedent in order to recover on a breach-of-contract claim.[19]  "[A]bsent some

---

[14] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

[15] *See* Fed. R. Civ. P. 55(b)(2).

[16] *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

[17] *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

[18] *Richardson v. Jones*, 1 Nev. 405, 408 (1865).

[19] *Clark Cty. School Dist. v. Richardson Const., Inc.*, 168 P.3d 87, 95, n.21 (Nev. 2007) (citing NRCP 9(c) and *Walton v. Nalco Chem. Co.*, 272 F.3d 13, 20–23 (1st Cir. 2001)).

countervailing reason, contracts will be construed from the written language and enforced as written."[20]

TechDemocracy's claims, taken as true, state a claim for breach of contract. TechDemocracy alleges that a valid contract existed between it and BRV Solutions, consisting of two documents: a Master Service Agreement detailing the terms and conditions of the agreement, and a Statement of Work outlining billing and payment terms.[21] TechDemocracy agreed that its agent would perform software services for BRV Solutions' client in exchange for payment.[22] TechDemocracy agreed to send BRV Solutions monthly invoices for the work its agent performed, and BRV agreed to pay those invoices within 45 days from the invoice date, regardless of whether BRV Solutions receives payment from its client first.[23] TechDemocracy alleges that it fulfilled its responsibilities under the contract when its agent performed the work agreed to in the contract and it invoiced BRV Solutions for that work.[24] TechDemocracy alleges that BRV Solutions breached the contract when it failed to pay the amounts it owes TechDemocracy.[25]

Finally, TechDemocracy has proven that it was damaged by BRV Solutions' breach of the contract. Under Nevada law, contract damages may include money damages, including those that can be determined by "mathematical calculation from a standard fixed in the contract."[26]

---

[20] *Ellison v. California State Auto. Ass'n*, 797 P.2d 975, 977 (Nev. 1990).
[21] ECF Nos. 1 at ¶¶ 8–10, 13-2 (Master Service Agreement), 13-3.
[22] ECF No. 1 at ¶¶ 9–11, 16, ECF No. 13-3.
[23] ECF No. 13-2 at 9.
[24] ECF No. 1 at ¶¶ 12–13, 17.
[25] *Id.* at ¶¶ 13, 18.
[26] *See Paradise Homes, Inc. v. Cent. Sur. & Ins. Corp.*, 437 P.2d 78, 83 (Nev. 1968).

4

The Statement of Work sets the billing rate for TechDemocracy's work for BRV Solutions at $75.00 an hour "all-inclusive with no expenses paid."[27] Billing is capped at 40 hours per week, and excess hours require prior written approval from BRV Solutions.[28]

TechDemocracy has provided invoices showing that its agent worked a total of 1,094 hours for BRV Solutions. An examination of those invoices reveals that TechDemocracy billed for more than 40 hours per week during some weeks,[29] and TechDemocracy provides no evidence that BRV Solutions authorized it to bill for those excess hours.

TechDemocracy billed BRV Solutions a total of $82,050 for work TechDemocracy's agent performed.[30] TechDemocracy provides copies of the invoices, which are generally for four- or five-week periods.[31] It also provides copies of the contract documents.[32] The contract caps billing at 200 hours for a five-week period. TechDemocracy billed for 228 hours—28 hours over the contract limit—in the first invoice for the five-week period of February 24 to March 29, 2020.[33] It billed for 202 hours—two hours over the contract limit—in the third invoice for the five-week period of April 27 to May 31, 2020.[34] So I deduct 30 hours ($2,250) from the total amount TechDemocracy invoiced BRV Solutions. Without prior written approval, TechDemocracy is authorized under the contract to bill for just 1,064 hours ($79,800). And

---

[27] ECF No. 13-3.
[28] *Id.*
[29] ECF No. 13-1 at 4, 6.
[30] *Id.* at 4–9.
[31] *Id.*
[32] ECF Nos. 13-2, 13-3.
[33] ECF No. 13-1 at 4.
[34] *Id.* at 6.

BRV Solutions made two $13,000 payments to TechDemocracy.[35]  I calculate that the amount BRV Solutions still owes TechDemocracy is $53,800.  So I find that the second and third *Eitel* factors weigh in favor of granting TechDemocracy's motion for default judgment in the amount of $53,800.

### C.     Sum of money at stake

Under this factor, I must consider the amount of money at stake in relation to the seriousness of BRV Solutions' conduct.[36]  Default judgment is disfavored if the sum of money at stake is "completely disproportionate or inappropriate."[37]  In a breach-of-contract claim, the plaintiff is entitled to damages in an amount that would place it in as good a position as it would be in if the contract had been fully performed.[38]  Here, those breach-of-contract damages are $53,000, which is the sum that BRV Solutions still owes TechDemocracy for the work it performed and is contractually obligated to be paid for.  This factor thus weighs in favor of default judgment.

### D.     Possibility of dispute over material facts and excusable neglect

The fifth and sixth *Eitel* factors weigh the possibility of a dispute regarding material facts in the case and whether BRV Solutions' default may have resulted from excusable neglect.  BRV Solutions was served with the summons and complaint on February 2, 2021.[39]  But BRV

---

[35] *Id.* at ¶¶ 6–7.

[36] *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) (upholding district court's examination of damages, which involved a determination of whether plaintiff "only seeks contractual damages directly proportional to [defendant's] breach of the contracts") (internal quotation marks and citation omitted).

[37] *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006).

[38] *Colo. Env'ts, Inc. v. Valley Grading Corp.*, 779 P.2d 80, 84 (Nev. 1989).

[39] ECF No. 4.

Solutions never answered TechDemocracy's complaint or responded to any of TechDemocracy's motions in the case, including this motion for default judgment. Because the facts in the complaint are taken as true, no factual disputes exist that would preclude the entry of default judgment against BRV Solutions, and there is no indication that BRV Solutions' default is due to excusable neglect. These factors weigh in favor of default judgment.

### E.   Policy favoring decisions on the merits

Default judgments are generally disfavored because "[c]ases should be decided upon their merits whenever reasonably possible."[40] But BRV Solutions' failure to appear in this case precludes adjudication on the merits. So while this factor generally weighs against default judgment, it is outweighed by the other factors here.

### Conclusion

Under these circumstances, default judgment is warranted. TechDemocracy is entitled to a default judgment of $53,800 against BRV Solutions for its claim of breach of contract. IT IS THEREFORE ORDERED that the plaintiff's motion for default judgment **[ECF Nos. 9, 13] is GRANTED.** The Clerk of Court is directed to **ENTER FINAL JUDGMENT** in favor of TechDemocracy and against BRV Solutions in the total amount of $53,800 and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
October 4, 2021

---

[40] *Eitel*, 728 F.2d at 1472.